## Joseph Kokes et al., Appellees, v. William R. Walleck et al., Appellants.

## Gen. No. 17,696.

INJUNCTIONS—*when pendency of prior chancery suit precludes.* Where a bill for an injunction against the maintenance of actions at law discloses the pendency of a prior suit in equity pertaining to the same subject-matter, and in which the relief sought by injunction in the

new suit might have been obtained by motion or petition in the cause, an injunction will not be granted in the second cause.

Bill for injunction.     Appeal from the Superior Court of Cook county; the HON. WM. FENIMORE COOPER, Judge, presiding.     Heard in this court at the October term, 1909.     Reversed.     Opinion filed November 20, 1911.     Rehearing denied December 4, 1911.

DAVID K. TONE and JOHN C. WILSON, for appellants.

NOVAK & POLLACK, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an interlocutory injunction, issued on a hearing by the chancellor on the bill and affidavits, restraining the appellants from prosecuting certain suits at law pending in the Municipal Court of Chicago or beginning other suits against the appellees pertaining to the subject-matter involved between said parties as disclosed by said bill. This bill was filed by the appellees in the Superior Court of Cook county April 14, 1911, and averred that the appellants, sixty-four in number, filed a bill in said court on the chancery side thereof February 18, 1910, against said appellees, the Hudson Coal & Mining Co., Joseph Filip and Joseph Vrba; that the appellees answered and the Hudson Coal & Mining Co. filed a cross-bill; that the appellants amended said bill by leave of court by striking out a paragraph thereof and said cause was so pending in said court; that after the appellants filed said bill, six of them, on December 4, 1910, began suits in the Municipal Court against the appellees, and others were about to begin like suits; that the relief sought in the Municipal Court is a part of the same relief sought by the same parties in the said bill filed by them February 18, 1910, and further that the filing of said suits in the Municipal Court and the intention of the said several parties, fifty-six in number, to begin other suits would cause a multiplicity

of suits against the appellees, and attached thereto as exhibits the pleadings in the said chancery suit and statements of claim in the Municipal Court suits; and prayed that the said parties be restrained from further prosecuting said suits in the Municipal Court, and also from beginning other suits for the purpose of litigating the matters now in controversy in said chancery suit pending in the Superior Court between the same parties.

From the view we take of the case, it is unnecessary to discuss the proposition whether or not the restraining order so entered might be sustained because of a multiplicity of suits.

In the statement of claim made by each of the appellants as plaintiff in the suits in the Municipal Court, it is alleged that certain money was paid to the defendants therein with the agreement and understanding that the said money was to be used to purchase certain notes, obligations of the Hudson Coal & Mining Co., of which each of said appellants was a stockholder, and thereby the said plaintiff was to have an interest in and become a part owner of said notes. The bill filed in the Superior Court by the appellants, being the plaintiffs and proposed plaintiffs in the Municipal Court suits, clearly puts in issue the ownership of said notes as between certain of the said parties, and the transactions relating thereto. The Superior Court having jurisdiction of the parties and the subject-matter might properly have entered the order in that proceeding restraining the parties therein from attempting to litigate a part of the issues therein involved in another forum. The Superior Court having first obtained jurisdiction of the parties and the subject-matter, would retain the same; and the complainants, having voluntarily submitted the subject-matter to a court of chancery, would not be heard to complain that they had a right to separate the issues, go into a court of law and there have a trial by jury.

The appellees, however, did not go into said chancery suit begun by appellants February 18, 1910, but began a new proceeding by filing this bill making defendants the parties complainants in the proceeding then pending, and secured therein the restraining order in question. In beginning this action, another and separate suit, it would seem they are doing that, as to multiplicity of suits, of which they complained of the appellants.

1 High on Injunctions, section 55, lays down the rule as follows: "Where a bill for an injunction against an action at law discloses the pendency of a prior suit in equity pertaining to the same subject matter, and in which the relief sought by injunction in the new suit might have been obtained by motion or petition in the cause, an injunction granted in the second cause will be regarded as improvidently allowed, and will be accordingly dissolved." See, also, Shaw v. Hill, 67 Ill. 455.

It is with much reluctance that we hold that the restraining order entered in this cause should be dissolved; but we feel it important that the practice followed in this proceeding should not be sanctioned.

The interlocutory injunction is reversed.

*Reversed.*